IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN LYNN BUGGS, #01477843, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 3:15-CV-3095-L-BK |
| | § | (Consolidated with Civil Nos. |
| LORIE DAVIS, Director, | § | 3:15-CV-3096-L and 3:15-CV-3097-L) |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div.,[1] | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petitions for writ of habeas corpus under 28 U.S.C. § 2254 filed in the consolidated cases were referred to the United States magistrate judge. Upon review of the relevant pleadings and law, and for the reasons that follow, the petitions should be **DENIED**.

**I. BACKGROUND**

In 2007, Petitioner was convicted of trafficking of a person, compelling prostitution, and aggravated kidnapping, and was sentenced to 75 years' imprisonment on the first two charges and 60 years' imprisonment on the third charge, to be served concurrently. *State v. Buggs*, Nos. F06-86341-T, F06-86342-T, and F06-86343-T (283rd Jud. Dist. Ct, Dallas County, May 14, 2007), *aff'd*, 2008 WL 541892 (Tex. App.—Dallas Feb. 29, 2008, pet. ref.). The Texas Court of Criminal Appeals subsequently denied state habeas relief in three separate proceedings. *See Ex parte Buggs*, Nos. WR-72,741-04 (Doc. 23-18); WR-72,741-05 (Doc. 23-22); WR-72,741-06

---

[1] In May 2016, Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, Davis was "automatically substituted as a party."

(Doc. 23-25) (Tex. Crim. App. Aug. 26, 2015) (denial without written order on trial court's findings without a hearing).[2]

In the consolidated federal habeas petitions, Petitioner timely raises 20 grounds for relief. He alleges trial errors, double jeopardy, insufficiency of the evidence, and ineffective assistance of counsel. Respondent argues some of the claims are procedurally barred and the others lack merit. Doc. 26. Petitioner has filed a reply. Doc. 29.

While a number of Petitioner's claims are common to all three of his convictions, others only pertain to particular convictions. Based on that fact and the numerous grounds for relief raised, and for the convenience of the reader, the Court adopts the summary of the grounds as set out in Respondent's answer and, thus, refers to each claim by the number associated with it in Respondent's answer.[3] Doc. 26 at 2-3.

## II. ANALYSIS

### A. Procedural Bar to Claims 1-8 and 12-13

Petitioner asserts the following trial errors:

1. The trial court violated his right to due process and hindered his ability to consult with his attorney by ordering him to be visibly shackled during both stages of his trial;

2. The trial court violated his right to the presumption of innocence by having him chained and shackled;

3. The trial court permitted the jury to be selected, seated, and sworn in without him being present;

---

[2] The state habeas court record is available at Doc. 23-20, Doc. 23-21, Doc. 23-24, Doc. 23-26, and the six volume reporter's record is available at Doc. 23-7 through Doc. 23-13.

[3] Since the cases were consolidated after Respondent was ordered to file a response, the Court did not require that Petitioner file a consolidated habeas petition and brief in support. However, having reviewed the consolidated federal petitions in detail, the Court concludes that Respondent's answer accurately and completely summarizes all three habeas motions and the grounds for relief asserted therein.

    4. The trial court abused its discretion by failing to instruct the jurors on the lesser included offense of unlawful restraint;

    5. The trial judge was biased;

    6. The trial court showed his bias in front of the jury by not allowing them to consider the lesser included offense;

    7. The trial court failed to instruct the jury on the safe release of the victim;

    8. The lack of an instruction on safe release violated his right to due process;

* * *

    12. The trial court violated his right to due process by failing to instruct the jury on the law requiring corroboration of child and accomplice testimony;

    13. His conviction is unconstitutional because the testimony of his accomplice and the victim, a minor, was uncorroborated;

Doc. 26 at 2.

As the state habeas court found and Respondent argues, Claims 1 through 8 and 12 through 13 are procedurally barred because they could have been, but were not, raised on direct appeal. Doc. 23-20 at 228; Doc. 23-24 at 176; Doc. 23-26 at 171. Respondent is correct, as the United States Court of Appeals for the Fifth Circuit has held that the procedural rule barring consideration of record-based claims not raised on direct appeal in habeas proceedings is an adequate state ground for barring federal habeas review. *Dorsey v. Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007) (citing *Ex parte Gardner*, 959 S.W.2d 189, 191 (Tex. Crim. App.1996, clarified on reh'g Feb. 4, 1998). In his reply, Petitioner asserts the ineffective assistance of appellate counsel as cause and prejudice to excuse his procedural default. Doc. 29 at 2-4. But as discussed *infra,* Petitioner has not met the high standard for proving the ineffective assistance of counsel on appeal. Consequently, Petitioner cannot show sufficient cause and prejudice for the default. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Martinez v. Ryan,* 566 U.S. 1, 132

S. Ct. 1309, 1320 (2012) (*Coleman* procedural default bar not applicable to "initial-review collateral proceedings for claims of ineffective assistance at trial"). In addition, Petitioner does not allege, much less demonstrate, that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his forfeited claims. *Id.* Therefore, Petitioner's Claims 1 through 8 and 12 through 13 are procedurally barred and should be dismissed.[4]

### B. Remaining Claims Lack Merit

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the decision of the state court is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). As the United States Supreme Court has emphasized, section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice

---

[4]Because Petitioner already has raised the procedurally barred claims in the context of his claims of ineffective assistance of trial counsel, *see* discussion *infra*, his request to amend the habeas petitions to do so is moot. Doc. 29 at 4.

systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (*quoting Richter*, 562 U.S. at 102 786). Consequently, as long as "'fairminded jurists could disagree' on the correctness of the state court's decision, federal habeas relief should not be granted." *Id.* (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

Additionally, the Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### 1. Claim 9 – Ineffective Assistance of Trial Counsel

In Claim 9, Petitioner asserts his trial counsel rendered ineffective assistance by:

   a. failing to object to the shackles;
   b. failing to object to the trial court conducting jury selection without him present;
   c. failing to request a lesser included offense instruction;
   d. failing to request a charge concerning the safe release of the victim;
   e. allowing the prosecutor to testify about the victim being in foster care;
   f. refusing to enter into evidence some letters from his accomplice;
   g. failing to call a witness to testify;
   h. failing to request an accomplice witness instruction;
   i. failing to request an instructed verdict; and
   j. failing to object to the prosecutor's misstatement of the law.

Doc. 26 at 2. The state habeas court rejected Petitioner's request for relief on all grounds. The court's relevant findings were as follows:

  2. The Court finds the affidavit of T. Price Stone [Petitioner's trial counsel] to be credible (See affidavit dated November 3, 2009).

  3. The Court finds that the Applicant was shackled on the ankles because he was a flight risk at the time of trial, and that Mr. Stone did object to the defendant being shackled. (See affidavit page 2).

  4. The Court finds that the juvenile complainant was not a codefendant in this case, and that there was corroborating evidence supporting both the juvenile's testimony, as well as the co-defendant's testimony in the form of DNA, photographic and medical evidence. (See affidavit page 2).

  5. Mr. Stone's affidavit does not mention whether the Applicant was present during voir dire, however, this Court finds that the Applicant failed to show how he was harmed by his absence, if in fact he was not present during voir dire, or that his absence was involuntary rather than the result of his own disruptive behavior.

  6. The Court further finds that Mr. Stone requested a jury charge on the issue of the safe release of the victim, as he indicated in his affidavit.

  7. The Applicant also argues that counsel was ineffective for failing to call Sheryl Milton as a witness. Although Mr. Stone stated that he has no recollection of a witness that was not used, he also indicated that he did put on witnesses for the defense. Additionally, this Court finds that Ms. Milton's testimony would not have changed the outcome of the trial because in Ms. Milton's affidavit, she discusses injuries on the complainant as well as the Applicant admitting to causing the injuries but that he did not recall causing them because he was intoxicated. (See Applicant's Exhibit "C"). The Court, therefore, finds that trial counsel used his discretion in choosing not to call Ms. Milton as a witness.

8. The Court finds that trial counsel's actions were a result of sound trial strategy.

9. When viewing counsel's representation as a whole, the Court finds that the Applicant received the effective assistance of trial counsel. Therefore, these grounds should be denied.

Doc. 23-24 at 178-179; *see also* Doc. 23-20 at 231-232; Doc. 23-26 at 173-175. Moreover, the Court of Criminal Appeals implicitly based its denial of habeas relief on the trial court's finding that the facts stated in trial counsel's affidavit were true and concluded that Petitioner had received reasonably effective assistance of counsel. Doc. 23-24 at 179. The state habeas court's credibility determinations are entitled to a presumption of correctness, 28 U.S .C. § 2254(e)(1); *Moore v. Johnson,* 194 F.3d 586, 604 (5th Cir.1999), and Petitioner has not produced clear and convincing evidence to rebut the same.

Applying the appropriate deference and having independently reviewed Petitioner's claims and the state court records, the Court concludes the state court's application of *Strickland* was reasonable. Petitioner has provided nothing more than conclusory allegations to show that defense counsel's performance fell below an objective level of reasonableness. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value."). Even if Petitioner could demonstrate deficient performance based on one or more of his claims, he has not established a reasonable probability that, but for counsel's allegedly deficient performance, the result of the proceeding would have been different, and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable. *See Richter,* 131 S.Ct. at 787-788. Nor has Petitioner offered any evidence that the state court's decision was based on an unreasonable determination of the facts in light of

the evidence presented in the state court proceeding. Accordingly, Petitioner's ninth ground for relief fails.

### 2. Claim 11 – Ineffective Assistance of Appellate Counsel

In Claim 11, Petitioner contends appellate counsel rendered ineffective assistance in failing to discover trial errors and failing to ask him about any perceived errors. Doc. 26 at 2; Doc. 3 at 14-15.

The state habeas court rejected Petitioner's assertions:

> 2. The Court finds the affidavit of [Appellate Counsel] Michael Sandlin to be credible (See affidavit dated June 23, 2011).
>
> 3. Mr. Sandlin stated that he met with the Applicant prior to the appeal and discussed any issues the Applicant may have wanted addressed. (See affidavit page 1).
>
> 4. Mr. Sandlin included in the appellate brief the concerns of the credibility of . . . both the co-defendant and the complainant. (See affidavit page 2-3).
>
> 5. Mr. Sandlin recalls reviewing the record as a whole and thoroughly arguing any feasible appellate points in the Applicant's case.
>
> 6. The Court finds that Mr. Sandlin rendered effective assistance of counsel on appeal.
>
> 7. The Court finds that Applicant had a meaningful appeal. Therefore, Applicant's complaint of ineffective assistance of appellate counsel is without merit and should be denied.

Doc. 23-24 at 179-180; *see also* Doc. 23-20 at 233; Doc. 23-26 at 175.

Again, the state habeas court's determination that counsel's affidavit was credible is entitled to a presumption of correctness, 28 U.S.C. § 2254(e)(1), and, again, Petitioner has not produced clear and convincing evidence to rebut the determination of trustworthiness. Further, Petitioner cannot show that appellate counsel's performance was deficient and that it prejudiced him. *See Smith v. Robbins*, 528 U.S. 259, 285-286 (2000) (applying *Strickland* standard in

evaluating the ineffective assistance of appellate counsel). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)).

It is counsel's professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach to maximize the likelihood of success on appeal. *Jones*, 463 U.S. at 752; *Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003) (counsel is obligated only to raise and brief those issues that are believed to have the best chance of success). Here, Petitioner has not demonstrated that any of the issues that he wanted appellate counsel to raise (i.e., most of the issues raised in his federal petition, Doc. 14 at 26) were clearly stronger than the sufficiency of the evidence issues counsel did pursue on direct appeal. *See Smith*, 528 U.S. at 288 ("[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome") (cited case omitted). Because Petitioner cannot demonstrate the state court's decision rejecting his ineffectiveness claim was unreasonable, his eleventh claim fails.

### 3.  Claim 14 -- Double Jeopardy

Next, Petitioner claims the prosecution of the trafficking of a person and compelling prostitution offenses constitutes a double jeopardy violation. 3096 Doc. 3 at 11-12. He claims the offenses were for all purposes identical and did "not require different evidence, circumstances, or proof at trial." 3096 Doc. 12 at 18. That is not the legal standard, however. When a state or federal "legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger,* a court's task of statutory construction is at an end and the prosecutor may seek and

the trial court or jury may impose cumulative punishment under such statutes in a single trial."
*Missouri v. Hunter*, 459 U.S. 359, 368-369 (1983).  Here, the state habeas court found no double jeopardy because the Texas "legislature specifically intended that an individual may be prosecuted for both trafficking of persons and the underlying intended offense."  Doc. 23-20 at 228-229  (citing TEX. PENAL CODE ANN. § 20A.02(c) (Vernon 2005) ("If conduct constituting an offense under this section also constitutes an offense under another section of this code, the actor may be prosecuted under either section, or under both sections.")).  *See also Moreno v. State*, 413 S.W.2d 119, 130-131 (Tex. App. – San Antonio 2013, no pet.) (same holding).

Thus, the state court's denial of this claim was not an unreasonable application of clearly established federal law, and Petitioner's fourteenth claim lacks merit.

### 4.   Claims 15-16 – Lack of Notice of Enhanced Punishment

Petitioner also maintains that his sentence for trafficking of a person was illegal and that he did not receive proper notice of the enhancement and range of punishment.  3096 Doc. 3 at 12-13.  The state habeas court rejected this claim, finding Petitioner "was properly indicted under Texas Penal Code §20A.02, a second degree felony," and that two prior felonies were alleged in the indictment for enhancement purposes.  Doc. 23-20 at 229; Doc. 23-21 at 184, *Indictment*; *see also* Tex. Pen. Code § 12.42(d) (setting out the range of punishment for repeat and habitual felony offenders).  The state court noted that Petitioner had "received notice through the indictment of the enhanced penalty range of the offense."  Doc. 23-20 at 229.

Petitioner's assertions to the contrary are meritless and refuted by the record.  Moreover, the Court notes that Petitioner pled true to the enhancement paragraphs in the indictment during the punishment stage of trial, and that this afforded him further notice of the enhanced penalty

range. Doc. 23-12 at 7-8. Because Petitioner cannot show that the state court's decision rejecting grounds 15-16 was unreasonable, his claim fails.

### 5.  Claims 17-20 -- Insufficient Evidence

Lastly, Petitioner alleges the evidence presented at trial was insufficient to support his convictions for trafficking of a person and compelling prostitution. *See* 3096 Doc. 3 at 13-14; 3097 Doc. 3 at 11-12. He asserts there was no evidence that he knew the victim was a minor, and the State failed to meet its burden of proof on that element at trial. *See* 3096 Doc. 12 at 21-25; 3097 Doc. 12 at 21-25.[5]

A state prisoner is entitled to habeas corpus relief only if a court finds that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Here, the Texas Fifth Court of Appeals rejected Petitioner's challenge and found the evidence sufficient to support his convictions:

> It was the jury's function to resolve any conflicts in the evidence. See TEX.CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Johnson*, 23 S.W.3d at 9. The jury was in the best position to evaluate the credibility of the witnesses and the evidence, and we must afford due deference to its determination. *See Marshall*, 210 S.W.3d at 625. The jury was free to accept or reject any and all of the evidence presented by either side. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Viewing the evidence under the proper standard, we conclude it is factually sufficient to support appellant's conviction in each case. *See Roberts*, 220 S.W.3d at 524. We overrule appellant's points of error.

*State v. Buggs*, 2008 WL 541892 (Tex. App. -- Dallas Feb. 29, 2008, pet. ref.).

---

[5] The Court notes that in his direct appeal brief and petition for discretionary review, Petitioner conceded that it was undisputed that the victim was under seventeen years of age. *See Appellant's Brief*, Doc. 23-1 at 26; *Pro Se* Petition for Discretionary Review, Doc. 23-6 at 19. In his state habeas applications, Petitioner argued for the first time that he was unaware the victim was a minor. *See* Doc. 23-20 at 18; and Doc. 23-26 at 15. The state habeas court denied Petitioner's claims because sufficiency of the evidence had been "raised and rejected on direct appeal." Doc. 23-20 at 228; Doc. 23-26 at 171.

Insofar as Petitioner requests the court to re-evaluate the evidence presented at trial, the Court rejects Petitioner's invitation to do so. "All credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005). A federal habeas corpus court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the prosecution. *Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995).

Moreover, contrary to Petitioner's assertion, the age of the victim was not an element that the State had to prove at trial. As the appellate court found "[t]o obtain a conviction for trafficking of a person, the State was required to prove beyond a reasonable doubt that appellant knowingly trafficked F.B. by transporting her and with the intent that she engage in prostitution." *State v. Buggs*, 2008 WL 541892 at *5 (citing TEX. PEN. CODE ANN. § 20A.02(a) (Vernon Supp. 2007)). While compelling prostitution required the State "to prove beyond a reasonable doubt that appellant knowingly caused F.B., a person younger than seventeen years of age, to commit prostitution," the age of the victim was not a defense. *Id.* (citing TEX. PEN. CODE ANN. § 43.05(a) (Vernon 2003)). Notably the statute provides that "[a] person commits an offense if the person knowingly: (1) causes another by force, threat, or fraud to commit prostitution; or (2) causes by any means a child younger than 18 years to commit prostitution, regardless of whether the actor knows the age of the child at the time the actor commits the offense." TEX. PEN. CODE ANN. § 43.05(a) (Vernon 2003) (emphasis added).

Here, the State's evidence, viewed in the light most favorable to the prosecution, was more than sufficient to permit a rational jury to find Petitioner guilty of trafficking of a person and compelling prostitution. *Jackson*, 443 U.S. at 318. Petitioner has not shown that the state

court's denial of his sufficiency of the evidence claims was an unreasonable application of clearly established federal law.   Accordingly, his claims in grounds 17-20 fail.

### C.  Evidentiary Hearing Not Required

Petitioner requests an evidentiary hearing to develop his claims.   Doc. 14 at 6; 3096 Doc. 12 at 7; 3097 Doc. 12 at 7.   However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)).   Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court.   Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court.   Accordingly, he is not entitled to an evidentiary hearing.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the consolidated petitions for writ of habeas corpus be **DENIED**.

**SIGNED** November 15, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE